IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MASONRY INDUSTRY TRUST ADMINISTRATION, INC., | ) ) | |
| | ) | No. 07-1487-HU |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| EXTREME GRANITE, INC., | ) ) | FINDINGS AND RECOMMENDATION |
| Defendant. | ) ) | |

HUBEL, Magistrate Judge:

    This is an action to recover delinquent contributions to a labor union health and welfare fund. The defendant was found in default on November 27, 2007, and a judgment of default was entered on March 17, 2008. Plaintiff requested attorney's fees in the amount of $7,506.00 (doc. # 16) and costs in the amount of $496.75.

    On June 10, 2008, I entered Findings and Recommendation declining to consider plaintiff's request for attorney's fees because plaintiff's counsel failed to make a record sufficient to permit me to determine whether the requested fees were reasonable.

FINDINGS AND RECOMMENDATION Page 1

(Doc. # 18). My grounds were that the Middleton Affidavit proffered in support of the attorney's fee request did not include a copy of the Trust Agreement, and because the time records attached to the Middleton Affidavit contained numerous examples of block billing and vague, nondescriptive, and repetitive descriptions of tasks, suggesting inordinate and possibly duplicative amounts of time spent on the case. I ordered plaintiff either to file objections to the Findings and Recommendation or to submit a properly itemized fee petition addressing the concerns raised, including time records that allocated the time spent on particular tasks.

    Counsel has proffered a document which appears to be both an amended motion and an amended affidavit (doc. # 19). Exhibit B is an unauthenticated excerpt containing pages 34-40 of the Trust Agreement, showing provisions relating to attorney's fees. Of course, the correct way to establish entitlement to attorney's fees by contract is to submit a properly authenticated copy of the contract. Counsel is admonished that in future submissions, unauthenticated trust agreements will not be accepted by the court.

    Exhibit A to the amended Middleton Affidavit is a time record showing a total of 54.6 hours and a total fee amount of $7,371.00, $135 less than the amount of the first fee request. The time record attached to the amended affidavit otherwise appears to be identical to the one attached to the original Middleton Affidavit, and contains the same block billing entries and nondescriptive, repetitive descriptions of tasks.

///

FINDINGS AND RECOMMENDATION Page 2

Mr. Middleton states in his amended affidavit that he is supplementing the record with respect to block billings "based on the records and recollection of counsel," but there are no additional records proffered. Mr. Middleton does attempt to describe in more detail the block billing entries, based on his own recollection, and to estimate the amounts spent on particular tasks. Mr. Middleton's use of block billing reappears in his amended affidavit, particularly in the entries for February 24, 2008, February 25, 2008 and February 28, 2008, as shown below. The block billing entries, Mr. Middleton's explanations, and my recommendations, are as follows:

**10/4/07    Review complaint; telephone call with Mr. Schwartz; review issues regarding service. 4.8 hours**

Mr. Middleton estimates that of this time, he spent 2 hours revising the complaint, 2 hours "reviewing the current documentation regarding the claims," .5 hour in a discussion with Mr. Schwartz and .3 hour reviewing service methods in Colorado. These hours should be allowed.

**2/18/08    Draft judgment; review amounts and documents; telephone call with Mr. Thompson. 7.9 hours.**

Mr. Middleton estimates that of this time, .4 hour was incurred discussing claim issues with Mr. Thompson, .3 hour was spent drafting a proposed judgment, and 7.2 hours were spent "reviewing the records of the employees and calculating the amount

FINDINGS AND RECOMMENDATION Page 3

|   |   |   |
|---|---|---|
| 1 |  | of wages and contributions owed." These hours |
| 2 |  | should be allowed. |
| 3 | **2/22/08** | **Prepare claim amounts; prepare calculation of** |
| 4 |  | **employee amounts; review documents. 6.8 hours.** |
| 5 |  | Mr. Middleton estimates that he spent all of this |
| 6 |  | time "reviewing the additional employee records and |
| 7 |  | documents, determining the hours worked based on |
| 8 |  | those records, and then calculating the amounts |
| 9 |  | owed based on the hourly rates for both wages and |
| 10 |  | contributions." These hours should be allowed. |
| 11 | **2/24/08** | **Prepare claim amounts; review calculation of** |
| 12 |  | **amounts owed; review documents. 7.1 hours.** |
| 13 |  | Mr. Middleton estimates that of this time, he spent |
| 14 |  | 3 hours "completing the initial calculations of the |
| 15 |  | amounts owed for contributions and wages;" 2 hours |
| 16 |  | summarizing this information; and 2.1 hours |
| 17 |  | calculating waiting time wages, reviewing the |
| 18 |  | collective bargaining agreement, contacting the |
| 19 |  | local labor representative about waiting time, and |
| 20 |  | drafting the waiting time provision for the |
| 21 |  | affidavit. Plaintiff should be allowed 5 hours of |
| 22 |  | this time; the 2.1 hours are disallowed because Mr. |
| 23 |  | Middleton's estimate here is another example of |
| 24 |  | block billing. |
| 25 | **2/25/08** | **Prepare and review claim amounts; review documents.** |
| 26 |  | **7.8 hours** |

FINDINGS AND RECOMMENDATION Page 4

|   |   |   |
|---|---|---|
| 1 |  | Mr. Middleton states that on this date, he incurred |

Mr. Middleton states that on this date, he incurred an estimated 3 hours "completing the re-checking of the calculations and reviewing the employee records" and drafting a provision in the affidavit; 2.5 hours calculating the waiting time wages, reviewing the collective bargaining agreement, contacting the local labor representative about waiting time, and drafting the provision for the affidavit; and 2.3 hours to determine the amounts owed for interest and liquidated damages and drafting the relevant provision for the affidavit. Plaintiff should be allowed fees for 5.3 hours; the remaining 2.5 hours should be disallowed because Mr. Middleton's estimate consists of block billing.

**2/28/08   Review and revise motion; review calculations; telephone call with Mr. Schwartz. 8.1 hours.**

Mr. Middleton estimates that he spent 3 hours drafting and revising the motion, affidavit and proposed order of default; .1 hour telephoning Mr. Schwartz, and 5 hours re-checking the interest amounts and waiting time wages and checking the summaries of the amounts owed for contributions and wages. These hours should be allowed.

On the basis of these entries, I conclude that the time claimed for calculating, summarizing, and checking the amount of wages and contributions, waiting time wages, and interest is

FINDINGS AND RECOMMENDATION Page 5

reasonable, as is the time claimed for preparing documents and for discussions with clients. In addition, I recommend that hours be allowed based on the following time entries:

    10/23/07   Telephone call regarding service; draft subpoena. .2 hour

    10/24/07   Review subpoena and service issues. .3

However, I recommend that the fees requested based on other time record entries that, as the court previously noted, are vague and duplicative of tasks for which reasonable fees have already been claimed, be disallowed. These include:

    12/4/07    Prepare judgment; review amounts; review documents. 1.8

    12/6/07    Prepare claim amounts and summaries; review documents. 1.2 hours

    12/28/07   Review documents; calculate and review amounts. 1.4 hours.

    12/30/07   Calculate amounts and review documents. 1.6 hours.

    1/10/08    Review amount summaries. .8 hours

    1/15/08    Review and revise summaries. .7 hours

    1/17/08    Review and revise summaries. .9 hours

    2/23/08    Prepare and review calculation of employee amounts. 3.2 hours

These disallowed claims total 11.6 hours.

I recommend that plaintiff be awarded attorney's fees for 38.4 hours, at the requested hourly rate of $135.00 per hour, for a fee award of $5,184.00. I recommend that plaintiff be awarded costs in

FINDINGS AND RECOMMENDATION Page 6

1  the amount of $496.75, the amount previously requested and
2  approved.

**Scheduling Order**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due October 2, 2008. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due October 16, 2008, and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 17th day of September, 2008.

                                              /s/ Dennis James Hubel

                                              Dennis James Hubel
                                              United States Magistrate Judge

28 FINDINGS AND RECOMMENDATION Page 7